UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KENNETH T. ROBERTS, JR. (#386858)

VERSUS                                      CIVIL ACTION

STATE OF LOUISIANA, ET AL                   NUMBER 13-834-JJB-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.


ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 28, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH T. ROBERTS, JR. (#386858)

VERSUS                                        CIVIL ACTION

STATE OF LOUISIANA, ET AL                     NUMBER 13-834-JJB-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Kenneth T. Roberts, Jr.

## I. State Procedural History

Petitioner was found guilty of one count simple kidnapping of a person 65 years of age or older in the Twenty-first Judicial District Court for Livingston Parish, Louisiana on April 11, 2012.

On direct appeal the petitioner asserted the following assignments of error:

1.  The trial court abused its discretion in refusing to continue the trial after the State notified him it intended to offer 15 hours of his recorded telephone calls.

2.  The trial court abused its discretion by questioning a juror without defense counsel present and by failing to replace the juror due to partiality.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's conviction and sentence as amended. *State of Louisiana v. Kenneth Truman Roberts, Jr.,* 2012-1555 (La. App. 1st

Cir. 4/26/13), 116 So.3d 754. Petitioner sought supervisory review in the Louisiana Supreme Court. The Louisiana Supreme Court denied review. *State of Louisiana v. Kenneth Truman Roberts, Jr.*, 2013-1204 (La. 12/6/13), 129 So. 3d 528.

Petitioner denied that he filed an application for post-conviction relief ("PCRA").[1]

## II. Federal Procedural History

Petitioner signed his federal habeas corpus application on December 25, 2013, it was received and filed on December 30, 2013, and is deemed filed on December 25, 2013. On January 30, 2014, the petitioner complied with the court's order to correct deficiencies in the pleadings by filing his petition on an approved form.[2]

Petitioner asserted the following grounds for relief:

Ground One:     The trial court abused its discretion by questioning a juror outside the presence of the defendant.

Ground Two:     The trial court abused its discretion in refusing to continue the trial after the State notified him it intended to offer 15 hours of his recorded telephone calls.

---

[1] Record document number 3, p. 3, ¶ 10. The State attached to its opposition memorandum a copy of a PCRA filed by the petitioner in which he asserted seven grounds for relief, some of which have subparts. Parts of ground one assert the same claims for relief the petitioner asserted in his federal habeas corpus petition. The other grounds for relief in the PCRA are not included in the petitioner's federal habeas corpus petition.

[2] Record document number 3.

# III. Applicable Law and Analysis

## A. Standard of Review

Section 2254(d) provides  as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination.  It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence."  Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact.  *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court." *Id*.

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, \_\_\_\_ U.S. \_\_\_\_, \_\_\_\_, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011); *McCamey v. Epps*, 658 F.3d 491, 497 (5th Cir. 2011). Review under § 2254(d)(1) focuses on what a state court knew and did. *Cullen v. Pinholster*, 131 S.Ct. at 1399. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas corpus petitioner must overcome the limitation of § 2254(d)(1) based on the record that was before that state court." *Id.*, at 1400. State court decisions are

measured against the Supreme Court's precedents as of "the time the state court renders its decisions." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S.Ct. 1166 (2003). *Pinholster* prohibits a federal court from using evidence that is introduced for the first time at a federal-court evidentiary hearing as the basis for concluding that a state court's adjudication is not entitled to deference under § 2254(d). *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).[3]

To determine whether a particular decision is "contrary to" then-established law, a federal court must consider whether the decision "applies a rule that contradicts [such] law" and how the decision "confronts [the] set of facts" that were before the state court. *Williams v. Taylor*, 529 U.S. 362, 405, 406, 120 S.Ct. 1495, 1519 (2000). If the state court decision "identifies the correct governing legal principle" in existence at the time, a federal court must assess whether the decision "unreasonably applies that principle to the facts of the prisoner's case." *Id.*, at 413, 120 S.Ct. at 1523.

---

[3] The Fifth Circuit Court of Appeals has held that a federal court may properly hold an evidentiary hearing when it determines, based solely on the state court record, that the state court's determination was contrary to or involved an unreasonable application of clearly established federal law. *Bobby Smith v. Burl Cain*, 708 F.3d 628, 634 (5th Cir. 2013).

**B. Exhaustion**

Respondent argued that the petitioner failed to exhaust available habeas corpus remedies.

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner. 28 U.S.C.§ 2254(b). Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982),*cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

A review of the petitioner's habeas corpus application and the state court record showed that the petitioner presented Ground One and Ground Two on direct appeal.

**Ground One: Questioning Juror Outside Presence of Defense**

In Ground One, the petitioner argued that the trial court erred when it questioned a juror outside of his presence.

The state court refused to review the petitioner's claim that his right to be present during the questioning of juror Shirley was violated because the record did not reflect that counsel made a contemporaneous objection as required by La.C.Cr.P. art. 841.

*State of Louisiana v. Kenneth Truman Roberts, Jr.*, p. 6.

When a state court decision to deny relief rests on a state
law ground that is independent of the federal questions raised by
the petitioner and is adequate to support the judgment, the federal
courts lack jurisdiction to review the merits of the petitioner's
federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct.
2546, 2553 (1991); *Moore v. Roberts*, 83 F.3d 699, *reh. denied*, 95
F.3d 56 (5th Cir. 1996). The independent and adequate state ground
doctrine "applies to bar federal habeas when a state court
decline[s] to address a prisoner's federal claims because the
prisoner ha[s] failed to meet a state procedural requirement."
*Coleman*, at 729-730, 111 S.Ct. at 2554.

> In the absence of the independent and adequate state
> ground doctrine in federal habeas, habeas petitioners
> would be able to avoid the exhaustion requirement by
> defaulting their federal claims in state court. The
> independent and adequate state ground doctrine ensures
> that the States' interest in correcting their own
> mistakes is respected in all federal habeas cases.

*Id.*, at 731-32, 111 S.Ct. at 2554-55 (quoting *Rose v. Lundy*, 455
U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982)); *Moore*, at 703.

For the independent and adequate state ground doctrine to
apply, the state courts adjudicating a habeas petitioner's claim
must explicitly rely on a state procedural rule to dismiss the
petitioner's claims. *Moore*, at 702; *Sones v. Hargett*, 61 F.3d 410,
416 (5th Cir. 1995). The procedural default doctrine presumes that
the "state court's [express] reliance on a procedural bar functions

7

as an independent and adequate ground in support of the judgment."
*Id*. Petitioner can rebut this presumption by establishing that the procedural rule is not "strictly or regularly followed." *Id*. Even if the state procedural rule is strictly and regularly followed, the petitioner can still prevail by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565; *Moore*, at 702.

It is well-settled that the contemporaneous-objection rule is an independent and adequate state procedural ground. *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir. 2002).

## Ground Two: Denial of a Continuance

In Ground Two, the petitioner argued that he was denied a fair trial when the trial court denied his motion to continue the trial after the State notified him it intended to offer recordings of the petitioner's telephone conversations with the victim.

A federal habeas court may grant relief when the petitioner is held in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Federal courts will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. *Cook v.*

*Morrill*, 783 F.2d 593 (5th Cir. 1986).

Insofar as the foundation of the petitioner's habeas application rests on the proper interpretation and application of state jurisprudence and procedural rules, this is an issue not within the scope of federal habeas corpus.

The decision on a motion for continuance is within the discretion of the trial judge and denial will justify federal habeas relief only if it is shown to be so arbitrary as to deny the applicant a fair trial. *Fitzpatrick v. Procunier*, 750 F.2d 473, 476 (5th Cir. 1985).

The Louisiana First Circuit Court of Appeal made the following factual findings:

> There was no clear abuse of discretion in the denial of the motion for continuance. The trial court instructed the State to provide the defense with the opportunity to listen to the recordings, and the State "played the specific conversations that would be played at trial to Defense counsel[.]" At trial, the defense used the recordings to cross-examine the victim.

*State of Louisiana v. Kenneth Truman Roberts, Jr.*, p. 5.

Petitioner has not carried his burden to rebut the presumption of the correctness of appellate court's factual findings by clear and convincing evidence, as he is required to do by section 2254(e)(1).

The evidence did not show that defense counsel lacked adequate time to prepare her client's defense. The trial court did not abuse its discretion in denying the petitioner's motion for

continuance on the morning of trial.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Kenneth Truman Roberts, Jr. be denied.

Baton Rouge, Louisiana, April 28, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE